**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JOSEPH DINGLER, § <br> Plaintiff, § <br> § <br> v. §     CIVIL NO. 3:17-CV-2722-G-BK <br> § <br> MILESTONE MANAGEMENT, et al., § <br> Defendants. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge for judicial screening. On October 4, 2017, Plaintiff filed a *pro se Complaint for Declaratory and Injunctive Relief Monetary Damages from Respondents* along with an *Emergency TRO Rule 65(a) Preliminary Injunction and/or Protective Order*. Doc. 3; Doc. 6. The claims at issue stem from state court proceedings pending in Fulton County, Georgia, Magistrate Court Docket No. 17ED043955, which Plaintiff seeks to stay. Doc. 3 at 3.

Federal Rule of Civil Procedure 65 provides that "the Court may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

FED. R. CIV. P. 65(b)(1). In this instance, although the complaint and motion are verified under penalty of perjury, Plaintiff, who is acting as his own attorney, has failed to allege specific facts that clearly show that immediate and irreparable injury, loss, or damage will result. Nor has he certified in writing any efforts made to give notice to Defendants and the reasons why notice

should not be required before a temporary restraining order is issued. Without regard to whether this Court even has the authority to enjoin a state court, as Plaintiff requests, his application fails due to the procedural inadequacies noted herein.

Thus, Plaintiff having failed to comply with the legal requirements, his *Emergency TRO Rule 65(a) Preliminary Injunction and/or Protective Order*, Doc. 6, should be **DENIED**.

**SIGNED** October 4, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE